# CASES

IN

# THE SUPREME COURT

OF

# PENNSYLVANIA

Commonwealth ex rel., Appellant, *v.* Brennan et al.

*Boroughs—Councilmen—Special laws—Repealing acts—Acts of April 6, 1850, P. L. 363; April 12, 1867, P. L. 1181; June 19, 1911, P. L. 1047; May 20, 1913, P. L. 268; May 14, 1915, P. L. 312—Constitutional Amendment of 1909—Quo warranto.*

1. The Constitutional amendments of 1909, together with the schedule adopted for carrying their provisions into effect, contemplated that general elections would be held in even numbered years, and municipal elections in odd numbered years, and extended the terms of office fixed by any act of assembly at any odd number of years so as to make the period of service an even number of years, and further provided that changes in the duration of official terms made by the legislature should thereafter provide for an even number of years' service. These amendments altered the provisions of all acts of the legislature theretofore in force, whether general or special.

2. The Acts of June 19, 1911, P. L. 1047, and May 20, 1913, P. L. 268, were passed to carry into effect the said constitutional provisions, and the provision of the former act that it should apply to every borough in the Commonwealth, whether governed by general or special acts of assembly, repealed all acts of assembly relating to boroughs whether general or special inconsistent therewith.

3. The General Borough Act of May 14, 1915, P. L. 312, relating to boroughs and the election of municipal officers and repealing the said Acts of 1911 and 1913, does not apply to boroughs which have not accepted its provisions, but under Article I, Section 3, of the said act, providing that the repeal of an act of assembly or part

thereof shall not revive any acts or parts of acts theretofore repealed or superseded, special acts of assembly repealed by the said Acts of 1911 and 1913, are not revived.

4. In quo warranto proceedings to oust from office three members of council of the Borough of St. Clair, it appeared that the borough was incorporated by the special Acts of April 6, 1850, P. L. 363, and April 12, 1867, P. L. 1181, under which its council was composed of nine members, three from each of the three wards into which the borough was divided, who were elected for three years, and it was so arranged that one member was elected annually by each ward. The act also provided that members should hold office until their successors were appointed, and that vacancies could be filled by councils until the next election. Relators claimed to hold office under the provisions of the said special acts. Defendants were elected under the provisions of the Acts of 1911 and 1913. Relators contended that by the repeal of the Acts of 1911 and 1913 by the Act of 1915, the special acts relating to the Borough of St. Clair were revived. *Held,* the lower court did not err in quashing the writ of quo warranto, which it had issued.

Argued Feb. 13, 1917.   Appeal, No. 21, Jan. T., 1917, by plaintiff, from order of C. P. Schuylkill Co., May T., 1916, No. 361, sustaining a demurrer and quashing writ of quo warranto, in case of Commonwealth of Pennsylvania ex relatione Henry Zernholt and Walter Smith v. Michael M. Brennan, John Schuster and Charles F. Hughes. Before Brown, C. J., Mestrezat, Potter, Frazer and Walling, JJ.   Affirmed.

Quo warranto to oust defendants from office as members of council of the Borough of St. Clair.   Before Koch, J.

The opinion of the Supreme Court states the facts.

Defendants demurred to the petition for the writ of quo warranto.

The court sustained the demurrer and quashed the writ, which it had issued.   Relator appealed.

*Error assigned* was in quashing the writ of quo warranto.

*Arthur L. Shay,* with him *Joseph J. Brown,* for appellant.—The special Acts of April 6, 1850, P. L. 363, and April 12, 1867, P. L. 1181, incorporating the Borough of St. Clair, are in force: Commonwealth v. Brown, 210 Pa. 29; Nissley v. Lancaster County, 27 Pa. Superior Ct. 405; Com., for use Cambria County, v. Lloyd, 2 Pa. Superior Ct. 6; Affirmed Com., for use Cambria County, v. Lloyd, 178 Pa. 308.

*C. E. Berger,* for appellees.

OPINION BY MR. JUSTICE FRAZER, April 30, 1917:

Relators have appealed from the decree of the Court of Common Pleas of Schuylkill County, sustaining a demurrer and quashing the writ of quo warranto brought to oust defendants from office as members of council of the Borough of St. Clair. The borough was incorporated by special Act of April 6, 1850, P. L. 363, and its supplement of April 12, 1867, P. L. 1181, under which the council was composed of nine members, three from each of the three wards into which the borough was divided. Their term of office was three years, and so arranged that one member was elected by each ward annually. The act also provided that members should continue to hold office until their successors were duly appointed, and that vacancies be filled by the remaining members until the next election.

In 1909 Thomas Lawless was elected from the south ward of the borough to serve three years from the first Monday of March of that year. By the provisions of the Act of June 19, 1911, Section 5, P. L. 1047, his term was extended to the first Monday of January, 1914. In 1910 Henry Zernholt, one of the relators, was elected from the same ward to serve a three-year term, which period, by virtue of the provisions of the Act of 1911, was extended to the first Monday of January, 1914. In 1911 John Quigley was elected for a term of four years, in accordance with the constitutional amendment of 1909, and the

Act of June 19, 1911, fixing the term of office of borough councilmen at four years. The term for which Quigley was elected ended accordingly on the first Monday of January, 1916. He resigned in March, 1913, and Walter Smith, the other relator, was appointed to fill the vacancy. It thus happened that at the municipal election of November, 1913, three members of council were to be elected for the term beginning the first Monday of January, 1914; one to fill the unexpired term of Quigley, and the two others without designation of term, which was, however, to be determined by lot, in accordance with the provisions of the Act of May 20, 1913, P. L. 268, amending the Act of 1911. The official ballot failed to designate the candidates for the unexpired term of Quigley, left vacant by reason of his resignation, and the court held the election illegal and void, and ousted from office the three persons chosen at that election. Following the entering of this decree Lawless, Zernholt and Smith resumed their seats as members and continued to act until the first Monday of January, 1916. At the municipal election held in November, 1915, the official ballot notified electors to vote for one person for a term of four years, and two for a term of two years to fill the unexpired terms of two persons elected in 1913, and who had drawn four-year terms at the organization of council on the first Monday of January, 1914, but whose election had been declared void. The election of 1915 resulted in the choice of respondents to fill the three vacancies, Brennan for the four-year term, and Schuster and Hughes for two years each. These candidates qualified, and entered upon the duties of their office and acted therein without objection until April, 1916, when these proceedings were begun to oust them from office on the ground that the ballot was defective for the reason it contained no designation of a three-year term as required by the incorporating Act of 1850. At the hearing counsel for relators conceded the effect of the constitutional amendment to be an extension of the term of members of

council to four years in all boroughs, contending, how-
ever, that since the Acts of 1911 and 1913 were both re-
pealed by the general Act of May 14, 1915, P. L. 312, and
as the Borough of St. Clair has not accepted the benefits
of the Act of 1915, or of the earlier general borough Act
of April 3, 1851, P. L. 320, the provisions of the original
charter of the borough were again in force, and that the
voters of each ward must be limited to the election of
one member of council each year; and, even if lawful to
elect more than one member, the offices to be filled were
not vacancies but full four-year terms succeeding the
holdover terms of relators, and, consequently, the desig-
nation of two of the offices as two-year terms to fill the
unexpired terms of those whose election in 1913 had been
declared void, rendered the ballot invalid.

The constitutional amendments of 1909, together with
the schedule adopted for carrying their provisions into
effect, contemplated general elections being held in even
numbered years, and municipal elections in odd num-
bered years, and extended the terms of office fixed by any
act of assembly at an odd number of years, so as to make
the period of service an even number of years; and fur-
ther provided that changes in the duration of official
terms made by the législature should thereafter provide
for an even number of years' service.    These amend-
ments must be considered as altering the provisions of
all acts of the legislature theretofore in force, whether
general or special.    The Acts of 1911 and 1913 were
passed to further carry into effect, or put in operation,
the constitutional provisions above referred to; the
former containing the specific provision that it should
apply to every borough in the Commonwealth, whether
governed by general or special acts of assembly.    The
general borough Act of May 14, 1915, P. L. 312, contains
a codification of the laws relating to boroughs, includ-
ing the election of municipal officers.    The Borough of
St. Clair, not having accepted the provisions of this act,
that legislation cannot be considered in disposing of

the present case.    Although the general act repeals the
Acts of 1911 and 1913, Article I, Section 3, provides that
the repeal of an act of assembly, or part thereof, shall not
revive any acts, or part thereof, theretofore repealed or
superseded, nor affect the corporate existence of any bor-
ough heretofore incorporated, and that any person hold-
ing office under an act of assembly repealed by the Act
of 1915, shall continue to hold such office until the ex-
piration of the term for which he was elected, subject to .
the conditions attached previous to the passage of the
Act of 1915.    If we should now hold that the repeal of
the Acts of 1911 and 1913 reinstated the provisions of
the special acts of assembly, under which the Borough of
St. Clair was incorporated, the uniform plan or system
of holding elections contemplated by the constitutional
amendments will be destroyed.    Elections in such cases
would be held at different times, and the terms of office
of members of council necessarily vary, depending upon
the particular provisions of local statutes.    Such con-
clusion is inconsistent with the constitutional amend-
ments and statutes passed pursuant thereto providing
for the holding of general elections in even numbered
years, and municipal elections in odd numbered years,
and fixing the term of office at an even number of years.
Counsel for plaintiff admits the constitutional amend-
ment extended three-year terms to four years, and that
a municipal election can now be held only every two
years.    If this be conceded, the same reasoning would
support the conclusion that other inconsistent provi-
sions of the local acts were also modified, and that the
Borough of St. Clair has now the right to elect more than
one member of council in any of its wards at the same
election.

    Other questions are sought to be raised on this record,
especially the legality of the ballot of 1915; but they are
not properly before the court, and do not call for de-
cision.    The suggestion for the writ is limited to the
question above decided.    It is true that, in the notes of

the hearing in the court below, printed in the appendix to appellant's paper book without certificate by a stenographer or by the judge who heard the case, counsel for appellant states that the informations were drawn by other counsel, and "there will have to be amendments made" to cover other questions raised, but so far as appears no amendments were filed. They do not appear in the appendix, and no mention is made of them in the "abstract of the record showing the exact questions presented for the decision of the court, and how disposed of," and the question is not considered by the court below.

The above disposition of the case covers all questions properly raised by the record and necessary for decision, and furnishes a sufficient guide for the borough in the future. It may not be amiss to suggest that an acceptance of the Act of 1915 by the borough would definitely fix all charter rights and tend to prevent recurring litigation after each election.

The judgment is affirmed.