## Commonwealth ex rel. C. A. Whitehouse, District Attorney, Appellant, *v.* Reese et al.

Argued Feb. 13, 1917.  Appeal, No. 23, Jan. T., 1917, by plaintiff, from order of C. P. Schuylkill Co., Sept. T., 1916, No. 288, sustaining a demurrer and quashing writ of quo warranto in case of Commonwealth ex rel. C. A. Whitehouse, District Attorney, v. William A. Reese, George W. Wolfe and Frank Post.  Before BROWN, C. J., MESTREZAT, POTTER, FRAZER and WALLING, JJ.  Affirmed.

Quo warranto proceedings brought to oust respondents from office as members of Council of the Borough of Saint Clair.  Before KOCH, J.

The opinion of the Supreme Court states the facts. See Commonwealth ex rel. v. Brennan et al., 258 Pa. 1.

Defendants demurred to the suggestion for the writ. The court sustained the demurrer and quashed the writ which it had issued.  Relator appealed.

*Error assigned* was the order of the court.

*Arthur L. Shay,* with him *Joseph J. Brown,* for appellant.

*C. E. Berger,* for appellees.

OPINION BY MR. JUSTICE FRAZER, April 30, 1917:

The facts and circumstances involved in this appeal are similar to those in Commonwealth ex rel. v. Brennan

10 COM. ex rel. WHITEHOUSE, Appel., *v.* REESE et al.

Opinion of the Court.                    [258 Pa.

et al., 258 Pa. 1, and arose out of a dispute concerning
the municipal election of 1915 in the middle ward of the
Borough of St. Clair. At the general election held No-
vember 4, 1913, there were three members of council to
be elected from that ward, one to fill the unexpired term
of two years of Frank Post, temporarily filled by council
and which ended in 1915, and two to succeed John Dodds
and Frank Betz, whose terms expired in 1914; the elec-
tion to be without designation of terms, which were to
be determined according to the provisions of the Act of
June 19, 1911, P. L. 1047. The official ballot at the elec-
tion of 1913 failed to designate the candidates for the
unexpired term, consequently the election was after-
wards declared void, and those elected ousted from office.
Following this action of the court Betz resumed the
duties of his office, and Fox and Kantner were appointed
by council to fill the remaining two vacancies. At the
municipal election in November, 1915, successors to these
three persons were to be elected. The official ballot in-
formed electors to vote for one person for a four-year
term, and two for two years to fill the unexpired terms
of William H. Holmes and William A. Reese who had
drawn four-year terms at the organization of council on
the first Monday of January, 1914, and pursuant to the
election of 1913, subsequently by the court declared
void. These quo warranto proceedings followed at the
instance of the district attorney alleging the election of
respondents to be invalid for the reason the Acts of June
19, 1911, and May 20, 1913, P. L. 268, were repealed by
the general borough Act of May 14, 1915, P. L. 312, and
that elections for members of council in the Borough of
St. Clair are regulated entirely by the special acts creat-
ing the municipality and according to which such of-
ficials must be elected for a three-year term, and but one
each year. These questions were both decided against
the contention of relators in Commonwealth ex rel. v.
Brennan et al., supra.

COM. ex rel. WHITEHOUSE, Appel., *v.* REESE et al. 11

1917.]                    Opinion of the Court.

We deem unnecessary the consideration of questions
relating to the form of the ballot at the election of 1915,
since no complaint of defects is made in the information,
the allegation being confined to the contention that, since
the repeal of the Acts of 1911 and 1913, not more than
one member of council should be elected in any one year
under the act incorporating the borough, which statute
it is argued is again in force, and such election must be
for a three-year term.  The paper book of appellant in
this appeal contains nothing but the information and an-
swer, the latter in effect a demurrer, and only the aver-
ments therein set forth are before us.  Counsel argues
that an amendment to the information was made in the
court below, but not even a suggestion of it appears in
the record of this appeal.

The judgment is affirmed.