Commonwealth ex rel. *v.* Acker (Fulton and Newman, Respondents, Appellants).

30

Argued February 1, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

*Wm. Clarke Mason,* for appellants.—The corporators of the Presbyterian Ministers' Fund, a mutual insurance company, incorporated in 1759, who had the status of self-perpetuating trustees, did not have the power, pursuant to section 4 of article XVI of the Constitution of Pennsylvania, to vote cumulatively at the annual election of members of a board of directors created by the constitution of the corporation: Blauch v. Water Co., 247 Pa. 71; Tyrone, etc., Co. v. Boro., 299 Pa. 533.

Even if the corporators of the Presbyterian Ministers' Fund had the power, pursuant to section 4 of article XVI of the Constitution of Pennsylvania, to vote cumulatively at the annual election of members of a board of directors created by the constitution of the corporation,

the relators, who were corporators of said fund, and present at the annual meeting, waived such right of cumulative voting, and are estopped to attack the election by reason of their acquiescence in the action of the annual meeting of the corporators and in the results of the election as announced at such meeting and received by the relators without protest: Leininger v. Goodman, 277 Pa. 75; Muia v. Herskovitz, 283 Pa. 163.

*J. B. Colahan,* for appellee, cited: Com. v. Flannery, 203 Pa. 28.

OPINION BY MR. JUSTICE KEPHART, March 14, 1932:

The Presbyterian Ministers' Fund was incorporated in 1759 as a mutual and charitable insurance organization for the relief in Pennsylvania of Presbyterian ministers and their widows and children. A special charter from the proprietors of the Province of Pennsylvania constituted the corporators members of the fund, with power to elect their successors, increase their number, adopt a constitution and by-laws, and, in general, to manage the corporation. The charter itself did not create a board of directors, and apparently contemplated a management directly by the corporators themselves; but, pursuant to this authority, a constitution was adopted, which provided for a board of eleven directors to be elected annually "from the body of the corporators by ballot."

At the annual election held March 24, 1931, certain of the corporators attempted to vote cumulatively for these directors, a thing which had never before been attempted. The ballots thus cast were rejected without complaint at the meeting, but the parties adversely affected subsequently brought a writ of quo warranto to test the validity of the rejection. The lower court held that the ballots cumulatively cast should have been received, and set aside the election of defendants Fulton and Newman.

The Constitution of Pennsylvania of 1874, article XVI, section 4, under the title "Corporate Elections" grants the right to vote cumulatively: "In all elections for directors or managers of a corporation each member or shareholder may cast the whole number of his votes for one candidate, or distribute them on two or more candidates, as he may prefer." The Act of March 29, 1927, P. L. 70, section 2, reads: "That in all elections for directors, managers, or trustees of any corporation created under the provisions of this statute [the Corporation Act of 1874], or accepting its provisions, each member or stockholder or other person having a right to vote, may cast the whole number of his votes for one candidate, or distribute them on two or more candidates, as he may prefer."

It was conceded that this corporation is now subject to the Constitution of 1874 and applicable statutes, as a result of having made certain amendments in its charter after 1874, such as a change in name of the corporation and an increase in the amount of property permitted to be held by it.

Appellants ably contend that the provision as to cumulative voting does not or should not apply to this class of corporation; that if it does it would include all church, charitable or religious organizations which are incorporated. However this may be, the question has been decided in Com. v. Flannery, 203 Pa. 28, and that decision controls the instant case. That corporation was one of the first class, known as the Catholic Philopatrian Literary Institute. It was organized before the Constitution of 1874, and cumulative voting having been attempted the question for the court's determination was whether this constitutional provision applied to corporations of the first class created prior to 1874, which later became subject to the Constitution. It was held that by accepting the Constitution as to a part of the corporate life, the entire entity was included; the charter could not be split into parts so that the Constitution

would be applicable to one portion and not to another, and the right to vote cumulatively was there sustained.

Appellant claims that these corporators have a different status in their relationship to the corporation than a "member or shareholder" contemplated by section 4 of article XVI of the Constitution. But this position overlooks the results of causing a corporation to be subject to the Constitution. Acceptance of the Constitution binds the acceptors to all the regulatory provisions in the fundamental law and the various statutes thereunder. The corporation is as fully controlled by the Constitution and laws pursuant thereto as though incorporated thereunder, provided however such acts do not overthrow its previously granted corporate existence, identity, or the powers necessary to its life. Wherever applicable, the provisions relating to management, control, and election would be under the Constitution and laws thereafter enacted. The right of cumulative voting is given to the individuals whose votes elect the parties who serve as the managers or directors of the corporation. Whether these individuals be styled members, shareholders, or corporators is immaterial. The persons whose votes were rejected at the annual meeting were within the class mentioned. The Constitution was intended to reach the actual managers, but appellants contend the cumulative voting provision should not apply since the eleven corporators were "somewhat in the nature of an executive committee of the corporators" who were the sole managers. If the status of a corporator, his authority and power as a trustee in sole management, is not diminished by the creation of the board of directors, he cannot complain, as he would still retain that power, but if from the body of corporators a few are selected who manage or direct, then the Constitution applies. That was the purpose and condition of the board in this case.

By its plain language, the intent of the Constitution was to give to those who could vote for such executive

managers of a corporation the right of cumulative voting. It was intended as a check on majority control. It is immaterial how this board may be labeled so that, regardless of the name by which they may be known, where the persons fall within the class of those who exercise the corporate functions comprehended by the Constitution when it uses the titles "directors or managers," cumulative voting applies to them. The fact that the corporators have no personal interest in the property or earnings does not alter in the slightest this conclusion. To hold otherwise would open a wide door to constitutional evasion which cannot be permitted no matter in what guise the parties or the office affected may appear.

Where the Constitution has expressed its purpose in clear and explicit language, a court cannot delimit the meaning of the words used by reference to a supposed intent which might be evoked from it, or from the debates before the constitutional convention: United States v. Sprague, 282 U. S. 716, 731; Collins v. Kephart, 271 Pa. 428. While the latter might lead to the conclusion that it was not intended to include this class of corporations within the section, yet the clear and explicit language applies to all corporations. Courts are bound to follow this intent regardless of what took place before the convention.

That the members of this fund did not attempt to exercise this right in the past, does not preclude their exercise at this or any time they desire to do so. The right exists and no basis for an estoppel is shown.

The decree of the court below is affirmed at the cost of appellants.