## Lancaster City Annexation Case (No. 2).

538

Argued May 26, 1953. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

Appeal, No. 204, reargument refused July 21, 1953.

*William B. Arnold,* for appellants.

*Bernard M. Zimmerman,* City Solicitor, with him *John B. Rengier,* Assistant City Solicitor, for City of Lancaster, appellee.

*Louis S. May,* for petitioning property owner, appellee.

OPINION BY MR. JUSTICE MUSMANNO, June 26, 1953:
The present case is companion to the one reported in the immediately preceding pages.[1] Three more fol-

___

[1] *Lancaster City Annexation Case (No. 1),* 374 Pa. 529.

low and they all arise out of ordinances enacted by the third class City of Lancaster annexing certain lands in Manheim Township.

Ordinance No. 33-1952, providing for the annexation of 103.73 acres contiguous to the City of Lancaster, was passed at the instance of the Radio Corporation of America and the Pennsylvania Railroad Company, owners of the land in question. Manheim Township, the Manheim School District, the tax collector and an individual taxpayer, appealed to the Court of Quarter Sessions, asserting the ordinance to be invalid on various grounds. The objection based on unconstitutionality of the 1931 Third Class City Law and the 1951 Third Class City Code has now been decided by this Court in the companion case, heretofore mentioned.

Because two persons, William E. Miller and his wife, live on the land owned by the Radio Corporation, the appellants contended in the Court below that their nonjoinder in the petition for annexation rendered the petition fatal, asserting that the Third Class City Code, as amended June 28, 1951, P. L. 662, Sec. 5, 53 PS 12198-501, requires in a situation of this kind that three-fifths of the taxable inhabitants of a township or part thereof shall petition city council for the annexation, and that the petition shall be accompanied by the written consent of the majority of property owners therein.

After this representation by the appellants the Millers petitioned to join nunc pro tunc in the annexation petition, asserting that they were without knowledge as to whether they were or were not taxable inhabitants of Manheim Township. It developed at the hearing that William E. Miller, being a general maintenance foreman of the Radio Corporation at the RCA plant, had his abode on the premises because he was subject to call for duty 24 hours a day. Further, that

he had never been assessed for taxes prior to the passage of the annexation ordinance. Considering the equities of the case, we find no error on the part of the court below in allowing the nunc pro tunc proceedings. And with that affirmance, there is no need to pass on the question as to whether the Millers were in fact taxable inhabitants whose joinder was indispensably necessary to the validity of the original petition.

. Before the lower court received the transcript of the hearing on the appeal and the Millers' petition for joinder nunc pro tunc, Manheim Township passed from a second-class township to a first-class township rating. On appellants' motion the record was reopened to show this change of status. The appellants now contend that the advancement of Manheim Township to the category of first-class townships during the pendency of the appeal invalidated the annexation, since the procedure, attendant upon annexation of land from first-class townships, had not been observed. In this regard the appellants rely on the principle of law that any proceedings which depend on a statute or ordinance which is repealed fail unless the proceedings have ripened into a final judgment or decree prior to the repeal. But that principle is not involved here since no statute or ordinance controlling the annexation procedure has been repealed. It is also to be noted in this connection that: "The repeal of any civil provisions of a law shall not affect, or impair any act done, or right existing or accrued, or affect any civil suit, action or proceedings, pending to enforce any right under the authority of the law repealed. Such suit, action or proceeding shall and may be proceeded with and concluded under the laws in existence when such suit, action or proceeding was instituted, notwithstanding the repeal of such laws, or the same may be proceeded with and concluded under the provisions of the new law, if any, enacted." (Statu-

tory Construction Act of May 28, 1937, P. L. 1019, Art. VII, Section 96.)

The proceedings here under consideration were initiated prior to the promotion of Manheim Township to first class status. Certain rights, therefore, had accrued to the taxable inhabitants and owners of the territory annexed. And under the provisions of the Act of May 27, 1949, P. L. 1955, section 1, (53 P.S. 19092-108) those rights cannot be divested: *"Whenever any township of the second class is designated a township of the first class . . . all liabilities incurred, rights accrued or vested, obligations issued or contracted, and all suits and prosecutions pending or to be instituted to enforce any right or penalty accrued or punish any offense committed, prior to such change of class, and all ordinances, resolutions, rules and regulations shall continue with the same force and effect as if no such change had been made."* (Emphasis supplied)

The legality of an ordinance is determined as of the date of its enactment, and as the passage of the annexation ordinance predated the change of the township's status, its validity remained unimpaired.

We find no merit in the representation that since the copy of the ordinance filed in the office of the Court of Quarter Sessions of Lancaster County lacked the signature of the Mayor of Lancaster and the City's corporate seal, the proceedings were vitiated. The lower court properly held that this was a minor omission and could not affect the annexation action since the original ordinance, as passed, did bear the Mayor's signature, the City's corporate seal, and was properly attested.

The Order of the court below is affirmed, with costs on the appellant.