East Donegal Township Annexation Case.

Argued June 12, 1968. Before WRIGHT, P. J., WAT-KINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and HANNUM, JJ.

*Bernard M. Zimmerman,* with him *Zimmerman, Zimmerman, Myers & Gibbel,* for appellants.

*Theodore L. Brubaker,* with him *Bruce E. Cooper,* for appellees.

OPINION BY MONTGOMERY, J., September 13, 1968:

This is an appeal by the Supervisors of East Donegal Township (Supervisors) and the East Donegal Township Sewer Authority (Authority) from the order of the Court of Quarter Sessions of Lancaster County approving the annexation by the Borough of Marietta (Borough) of 111.11 acres of contiguous land of East Donegal Township in Lancaster County. Pursuant to Section 426 of The Borough Code, Act of

February 1, 1966, P. L. (1965) 1656, 53 P.S. §45426, in June of 1967 a majority of the residents of this 111.11 acres tract petitioned the Borough to annex said territory, which petition was approved by an ordinance regularly adopted by the Council of the Borough. The legality of the ordinance is no longer an issue in the case.

Only two issues are submitted to us: (a) the propriety of the annexation and (b) whether it is barred by the adoption of Proposal No. 6 on Local Government, amending the Constitution of Pennsylvania, by the electorate at the election held April 23, 1968.

Marietta Borough is bounded on the east, north and west by East Donegal Township and on the south by the Susquehanna River. Immediately adjacent to the western boundary line of the Borough lies a residential area known as Irishtown, or sometimes known as West Marietta. The total area of East Donegal Township is 22.6 square miles or 14,464 acres. The principal reason asserted by the appellants in attempting to defeat this annexation is that such annexation and the departure of the residents contained in the 111.11 acre tract defeats East Donegal's ability to furnish sewer facilities for its remaining residents on an economical basis, and that the Borough as a joint adventurer in the creation of a joint sewage disposal plant for both the Borough and the Township was under an obligation to refuse to grant the annexation petition.

The joint venture concept arises out of their participation in the Marietta-Donegal Joint Authority, the purpose of which is to build and operate a joint sanitary sewer disposal plant for the separate collection systems of the Marietta Borough Authority and the East Donegal Sewer Authority.

It was clear from the outset of the proposed plans that the per capita cost of the Township collection system would be greater than that of the Borough because

the latter served a territory which was relatively compact and extensively developed, while the territory of the Township was spread out and at a greater distance from the proposed disposal plant. The reason the residents of the area under consideration petitioned for annexation is obvious. It was to secure the benefit of a lower initial cost per connector. On the other hand, because of the annexation the Township would lose 168.5 out of a total of 497 units, and thus proportionately increase the per capita cost to the remaining residents of the Township.

Since this proceeding is under The Borough Code and not under the Act of 1953, P. L. 550, 53 P.S. §§67501-67508, the scope of appellate review is by narrow certiorari, *Carnegie Borough Annexation Case,* 408 Pa. 146, 182 A. 2d 527 (1962); *Dauphin Deposit Trust Company v. Myers,* 388 Pa. 444, 130 A. 2d 686 (1957), which permits this Court to deal only with the question of jurisdiction, the regularity of the proceedings, excess in the exercise of power, if any, and constitutional questions. We may not review the record to determine the sufficiency of the evidence to support the findings of the court below; nor may we substitute our opinion as to the propriety of the annexation. *Jenner Township Annexation Case,* 423 Pa. 609, 225 A. 2d 247 (1967).

Confining our review to the issue of jurisdiction and regularity, the only thing we need consider is the approval by the electorate on April 23, 1968 of Question IV, Proposal No. 6 to amend the Pennsylvania Constitution on Local Government, which amendment, reads as follows:

"Section 8. Consolidation, Merger or Boundary Change.—Uniform Legislation. The General Assembly shall, within two years following the adoption of this article, enact uniform legislation establishing the pro-

cedure for consolidation, merger or change of the boundaries of municipalities.

"Initiative. The electors of any municipality shall have the right, by initiative and referendum, to consolidate, merge and change boundaries by a majority vote of those voting thereon in each municipality, without the approval of any governing body."

The order approving the annexation was made January 19, 1968 and the appeal therefrom taken February 19, 1968. Thus the appeal was pending and not argued when Proposal No. 6 was adopted.

It is contended by appellants that since the schedule made part of the Proposal provides for the effective date of the second section headed "Initiative" to be the date of adoption by the electorate, i.e., April 23, 1968, that this nullifies the entire proceeding on which this appeal is based. Expressing appellants' contention in other words, Proposal No. 6 impliedly repeals all other legislation relating to the change of boundaries of local municipalities and substitutes therefor the section headed "Initiative" which provides for such changes by a majority vote of the electors of each of the local units involved, without the approval of the governing bodies, until such time as the General Assembly passes uniform legislation to accomplish such change.

In support of this position appellants cite to us *United States v. Chambers,* 291 U.S. 217, 54 S. Ct. 434, 78 L. Ed. 763; *Peoples Bridge Company of Harrisburg v. Shroyer, Secretary of Highways,* 355 Pa. 599, 50 A. 2d 499 (1947); *Commonwealth ex rel. v. Brennan,* 253 Pa. 1, 101 A. 947 (1917), and Section 96 of the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 P.S. §596.

We do not agree with appellants' contention and hold the cases and statutes cited by them to be inapplicable to the present situation. The legality of an

ordinance is determined as of the date of its enactment, *Lancaster City Annexation Case (No. 2)*, 374 Pa. 537, 98 A. 2d 29 (1953), and since no right of appeal is given by The Borough Code from the action of the lower court in deciding its legality and propriety, such action concluded the matter as of the date of the order, January 19, 1968, which was prior to the election at which Proposal No. 6 was approved. The Act of February 1, 1966, P. L. (1965) 1656, §1010, as amended, 53 P.S. §46010, provides that the order of the court in such cases shall be conclusive and that no such appeal shall act as a supersedeas unless the court shall so order. No order of supersedeas is present in this record.

Since our review is on narrow certiorari to determine merely the jurisdiction of the lower court and the legality of the proceedings, we hold that any change in the law relating to the manner boundaries of local municipalities may be changed adopted after the approval of the ordinance under consideration by the lower court had no effect upon the proceedings. *Lancaster City Annexation Case (No. 2)*, supra; *Irwin Borough Annexation Case (No. 2)*, 165 Pa. Superior Ct. 134, 67 A. 2d 765 (1949).

Order affirmed.

WATKINS and HANNUM, JJ., dissent.