Lower Macungie Township Annexation
Case (No. 1).

Argued September 9, 1968. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and HANNUM, JJ.

*Wallace C. Worth, Jr.,* Solicitor for Upper Milford Township, with him *Gene D. Smith,* Solicitor for Lower Macungie Township, for appellants.

*Robert K. Young,* with him *Wiener and Young,* for appellee.

OPINION BY MONTGOMERY, J., November 14, 1968:

This appeal is by the second class townships of Lower Macungie and Upper Milford from an order affirming the annexation of contiguous parts of said townships by the Borough of Macungie (Borough), all of said municipal bodies being in Lehigh County.

Appellants raise four issues which we shall consider seriatim. The answer to the first question, whether it was intended that these proceedings follow the Act of July 20, 1953, P. L. 550, 53 P.S. §67501, is clear. The original petition filed by the property owners with the Borough recites it was intended to be under that statute and matters proceeded on that basis. The propriety of such action is recognized in *Jenner Township Annexation Case,* 423 Pa. 609, 225 A. 2d 247 (1967). We approve the action of the lower court in considering the matter on that basis.

Appellants next contend that the proceedings are not in conformity with the requirements of the 1953 Act in that the petition presented to the Borough did not have attached to it a certificate of the filing of a copy thereof with the townships, signed by at least one of the petitioners. Paragraph (2) of Section (1) of the Act, 53 P.S. §67501, provides as follows: "A copy of the petition, without the signatures, shall be filed with the supervisors of the township concerned prior to its presentation to the city, borough or township, and a certification of such filing shall be signed by at least one signer of the petition and be attached to

the petition when presented to the city, borough or township."

The petition was served on both townships prior to its presentation to the Borough. The certificate, however, was signed by Richard H. Rauch, Esq., attorney for the petitioners, who made the service, rather than by one of the petitioners personally. In the case of *Carnegie Borough Annexation Case*, 408 Pa. 146, 182 A. 2d 527 (1962), our Supreme Court declared as bordering on the frivolous an objection that a certification was not physically attached to a similar petition. We would classify the present objection in the same manner. The important reason for such service upon the townships was to alert them to the efforts of some of its citizens to secure acceptance of their properties as part of the Borough, and to afford them an opportunity to object before the Borough acted on the petition. They were fully informed of that action in the present case. It, therefore, seems to border on the frivolous when they now attempt to invalidate the entire annexation proceeding by objecting to the certification made on behalf of the petitioners by their attorney who made the service. This objection is overruled since we are of the opinion there was substantial compliance with the requirements of the Act.

Appellants contend also that the proceedings are invalid because the record shows no public interest being served and that only the petitioners will benefit by the annexation. They complain further on this point, that the lower court made no finding that a public interest was being served.

The procedure to be followed in annexation matters under the 1953 Act is generally set forth in *Palmer Township Annexation Case*, 416 Pa. 163, 204 A. 2d 760 (1964). Following the adoption of the ordinance approving annexation and its certification to the Quar-

ter Sessions Court, that court may affirm the annexation only after it has satisfied itself regarding the "legality of the proceedings and the propriety of the annexation as serving public interests." It must so satisfy itself although no aggrieved person complains and asks for the appointment of a fact-finding body. The court has the duty of making its own inquiry with regard to the two matters of legality of proceeding and propriety of the annexation. It is the court's duty to inquire, and at any hearing all interested parties may present evidence with no burden of proof imposed on anyone. The court must make an independent determination that the statute has been observed and the annexation desirable.

In the present case a hearing was scheduled but the appellant townships offered no testimony. However, they did submit briefs and argued their objections orally. Following this the court entered an order reciting that, ". . . being satisfied with the legality of the proceeding and the propriety of the annexation as serving public interests, hereby appoints the following as a Board of Commissioners to make a study of the matter and proceed in accordance with the provisions of the Act of 1953, July 20, P. L. 550, Sec. 4, 53 P.S. 67504:" Then followed the names of the Commissioners it appointed. This was the initial, interlocutory determination of the legality of the proceedings and propriety of the annexation recognized in *Palmer Township Annexation Case,* supra. The purpose of the appointment of the Board of Commissioners as stated in *Palmer,* page 178, ". . . is to adduce all of the necessary information to assist the court in making a final decision as to whether the annexation is in the public interest. It is not a hearing in the sense that exceptions are to be filed by the parties or that either party takes on a burden of proof. It is

simply a supplemental procedure sanctioned by statute for the court's benefit and to enable the parties to submit expeditiously to the court the relevant facts."

The Board, thusly appointed, conducted hearings and filed its report with the court in which it made numerous findings of fact concerning the area for which annexation was sought. After receiving this report the lower court entered a final order of approval, thus confirming what it had stated in its preliminary order, viz., that the proceedings were legal and the annexation proper as serving a public interest. This was sufficient and answers appellants' objection as to the absence of specific findings by the court.

Since no right of appeal is given under the Act of 1953, supra, our consideration of the matter in this appeal is within the limits of broad certiorari. *Carnegie Borough Annexation Case,* supra. We may consider only such matters as (1) jurisdiction, (2) regularity of proceedings, and (3) the record only so far as to determine if the findings are supported by competent evidence and to correct any errors of law. *Palmer Township Annexation Case,* supra.

Our reading of the records leaves no doubt that the court's order is supported by ample competent evidence and is not contrary to law. The regularity of the proceedings has already been discussed. Jurisdiction is clearly in the Quarter Sessions Court under the Act of 1953, supra. The only question unanswered is whether jurisdiction has been nullified by the adoption by the electorate at the election held April 23, 1968 of Proposal No. 6 of the Constitutional Convention for the amendment of the Pennsylvania constitutional provision on Local Government (question IV). This question was discussed to some extent by this Court in *East Donegal Township Annexation Case,*

213 Pa. Superior Ct. 76, 245 A. 2d 706 (1968). Therein we held that the proposed amendment did not affect the ordinance then under consideration. However, we did note, that although the proposal, generally, did not become effective until the Legislature acted thereon by adopting uniform legislation establishing procedure for consolidation, merger or change of the boundaries of municipalities, the second paragraph of Section (8) became effective immediately on approval by the electorate. That section reads: "Initiative. The electors of any municipality shall have the right, by initiative and referendum, to consolidate, merge and change boundaries by a majority vote of those voting thereon in each municipality, without the approval of any governing body."

We do not accept appellants' argument that this provision, although it became effective immediately upon adoption, has a retroactive effect so as to invalidate all annexation proceedings pending at the time it became operative. Constitutional provisions operate prospectively and do not operate retrospectively unless the language used or the purpose of the provision indicates that operation was intended. *Perkins v. Slack,* 86 Pa. 270 (1878). As observed by the Supreme Court in that case in reference to the Pennsylvania Constitution of 1874, page 279, "When the convention intended a repeal of existing laws, it was done in no ambiguous or uncertain phrase", citing as an example the use of a clause, "such acts now existing are avoided." It is an established principle that existing statutes not expressly or impliedly repealed by the Constitution remain in full force and effect. *Milford Township Supervisors' Removal,* 291 Pa. 46, 139 A. 623 (1927); *Georges Township School Directors,* 286 Pa. 129, 133 A. 223 (1926); *Commonwealth ex rel. The Attorney General v. Mathues,* 210 Pa. 372, 59 A. 961 (1904);

*Pittsburg v. Pittsburg, Carnegie & Western Railroad Company*, 205 Pa. 13, 54 A. 468 (1903). The intent of the convention to avoid laws existing at the time of constitutional change must be clear. Such intent is not clear in the provision under consideration.

On the contrary, the "Initiative" provisions can readily be interpreted as giving to the electors of any municipality the right to consolidate, merge and change boundaries without the approval of the governing body, in addition to the existing methods of accomplishing the same result by a petition of a part of the property owners with the approval of the governing body. From the summary and explanation of Proposal No. 6 as reported by the convention, which we are privileged to consider so long as it is not inconsistent with the express words of the proposed constitutional change, (*Commonwealth ex rel. Margiotti v. Lawrence*, 326 Pa. 526, 193 A. 46 (1937); *Commonwealth ex rel. v. Acker*, 308 Pa. 29, 162 A. 159 (1932)), it seems clear that the purpose of the change was to establish prospectively a uniform law for such purposes.[1]

We, therefore, hold that the adoption of Proposal No. 6 by the electorate on April 23, 1968 did not repeal the Act of 1953 or in any way affect the present proceedings.

Order affirmed.

WATKINS, J., dissents.

---

[1] "The General Assembly is given two years to adopt uniform merger, consolidation and boundary laws. Annexation of territory of a contiguous unit is permitted upon approval by a majority vote of the electors of each of the local units involved, without the approval of the governing body subject to the right of the General Assembly to provide additional methods for boundary changes.

"An agency will be designated by the General Assembly to study and advise municipalities on consolidation, merger and boundary changes and to initiate local referenda."