## Turbot Township Annexation Petition

*Preston L. Davis*, for petitioners.
*H. William Koch*, for township.

MOSER, J., October 22, 1970.—In this proceeding, petitioners, alleging themselves to be the majority of the freeholders in the territory to be annexed, presented their petition to this court on April 20, 1970, seeking the annexation of 199.14 acres of land in Turbot Township, a second class township in this county, by the Borough of Milton, in this county. Petitioners have chosen to follow the procedure for annexation set out in sections 411 to 414, inclusive, of the Borough Code of February 1, 1966, P. L. (1965) 1656, 53 PS §§45411 to 45414.

Under this method of annexation "The court of quarter sessions may, upon petition, change the limits of any borough by the annexation of adjacent territory located in a township of the second class": Section 411.

Notice of the application must be given personally and by publication section 412, and the petition must conform to the requirements of section 413. "The court after hearing may make such order on the petition as to right and justice shall appertain" . . . and shall "conform" or "not conform" the petition: Section 414. The matters to be decided in this opinion do not include any failure on the part of petitioners to comply with these procedural requirements.

Upon receipt of the petition for annexation, the court immediately fixed June 17, 1970, as the date for a hearing on the petition. At the outset of the hearing, counsel for the township objected to the jurisdiction of the court to entertain the petition, and moved to dismiss the proceeding. On October 5, 1970, the attorneys for the parties in interest appeared before the court and presented oral arguments and written briefs to sustain their respective positions on the issues to be decided in this opinion.

In the written brief filed on behalf of the township, the question to be decided is set forth in the following language: "Did the amendment to the Constitution of Pennsylvania adopted by the electorate on April 23, 1968 repeal section 411 et seq. of The Borough Code with regard to the annexation of territory of a second class township by a borough?"

Section 8 of the "Local Government" article, numbered IX of the amended Constitution, deals with "consolidation, merger or boundary change" of municipalities, and was included in "Proposal No. 6," adopted by a vote of the electorate on April 23, 1968. The provisions of article IX, sec. 8, are as follows:

"Uniform Legislation. The General Assembly shall, within two years following the adoption of this article, enact uniform legislation establishing the procedure for consolidation, merger or change of the boundaries of municipalities.

"Initiative. The electors of any municipality shall have the right, by initiative and referendum, to consolidate, merge and change boundaries by a majority vote of those voting thereon in each municipality, without the approval of any governing body.

"Study. The General Assembly shall designate an agency of the Commonwealth to study consolidation, merger and boundary changes, advise municipalities on all problems which might be connected therewith, and initiate local referendum.

"Legislative Power. Nothing herein shall prohibit or prevent the General Assembly from providing additional methods for consolidation, merger or change of boundaries."

It is the contention of the township that following the adoption of article IX, sec. 8, on April 23, 1968, paragraph 2 thereof became effective immediately and that thereafter annexation could be accomplished only by the method of "Initiative" provided by that paragraph.

The schedule made part of proposal no. 6 provided that "This new article . . . shall take effect on the date of approval by the electorate, except that the following sections shall take effect on the effective date of legislation adopted pursuant to the sections or the date indicated below, whichever shall first occur," and, "The first, third and fourth paragraphs of section eight shall take effect two years after the effective date . . ."

It is to be noted that although proposal no. 6 in general did not become effective until the legislature acted thereon by adopting uniform legislation establishing procedure for consolidation, merger or change of the boundaries of municipalities, the second paragraph of section 8 became effective immediately on approval of the electorate. On behalf of the township it is contended that proposal no. 6 repeals all other legislation relating to the change of boundaries of

local municipalities, and substitutes therefor the paragraph headed "Initiative" which provides for such change by a majority vote of the electorate of each of the local units involved, without the approval of the governing body. We do not agree with this position presented by the township.

The case of Lower Macungie Township Annexation Case (No. 1), 213 Pa. Superior Ct. 313, involved the annexation of land in a second class township by a borough, under the Act of July 20, 1953, P. L. 550, 53 PS §67501, and the court decided that jurisdiction had not been nullified by the adoption of proposal no. 6 by the electorate on April 23, 1968. The court stated: "As observed by the Supreme Court in that case [Perkins v. Slack, 86 Pa. 270] 'In reference to the Pennsylvania Constitution of 1874, page 279, when the convention intended a repeal of existing laws, it was done in no ambiguous or uncertain phrase' . . . it is an established principle that existing statutes not expressly or impliedly repealed by the Constitution remain in full force and effect . . . the intent of the convention to avoid laws existing at the time of constitutional change must be clear . . ."

Article IX of the amended Constitution contains no language which expressly repeals the legislation providing the procedures for consolidation, merger or change of the boundaries of municipalities in existence at the time of the adoption of the amendment. Accordingly, such existing legislation continues in full force and effect unless it appears that there was an intention to impliedly repeal the same.

The township argues that because the then existing legislation authorized many different procedures to accomplish annexation, the convention must have determined to clarify the situation by providing one complex, costlier method of annexation in the form of the initiative procedure set out in paragraph 2, sec. 8,

art. IX, thereby repealing existing legislation. However, we believe ". . . the 'Initiative' provisions can readily be interpreted as giving to the electors of any municipality the right to consolidate, merge and change boundaries without the approval of the governing body, in addition to the existing methods of accomplishing the same result by a petition of a part of the property owners with the approval of the governing body . . ." Lower Macungie Township Annexation Case (No. 1), supra.

It is undisputed that from April 23, 1968, the date of the adoption of the amendment to the Constitution, to April 20, 1970, the date of the filing of the petition in this proceeding, the General Assembly enacted no legislation dealing with annexation in municipalities. The township contends that the negligence or refusal of the legislature to legislate on this subject during this period of time adds weight to the argument of the township that the initiative procedure is intended as the sole method of annexation following the constitutional amendment.

The direction in article IX, sec. 8, para. 1, of the amended Constitution, that "The General Assembly shall, within two years following the adoption of this article, enact uniform legislation establishing the procedure for consolidation, merger or change of the boundaries of municipalities" is merely a statement of the change sought by the amendment to the Constitution to establish prospectively a uniform law for annexation in municipalities. Until such time as the General Assembly passes uniform legislation to accomplish such purpose, the existing legislation on the subject remains in full force and effect. In any event, it is for the General Assembly to provide by general law for local government within the Commonwealth (article IX, sec. 1, of the Constitution), and if it wishes to modify or repeal sections 411 to 414 of the

Borough Code, and similar provisions, it can and presumably will do so: Butler Township appeal, 438 Pa. 302.

## ORDER

And now, October 22, 1970, the motion to dismiss this proceeding for lack of jurisdiction is refused.