## Plymouth Borough.   Plymouth Township's Appeal.

*Boroughs—Annexation of territory—Grand jury—Challenge.*

A grand juror is properly excluded from participation in proceedings to annex territory to a borough, where it appears that he has interests in the borough, and where he states to the court under oath that he is opposed to the annexation, and that he had ·previously declared that he would do all that he could against it.

*Borough—Annexation of territory—Acts of April* 3, 1851, *section* 30, *June* 11, 1879, *and May* 17, 1883—*Statutes—Repeal.*

The act of April 3, 1851, sec. 30, P. L. 327, relating to the annexation of territory to boroughs, was not repealed by the acts of June 11, 1879, P. L. 150, and May 17, 1883, P. L. 36.

Argued April 15, 1895.   Appeal, No. 413, Jan. T., 1895, by Plymouth township, from order of Q. S. Luzerne Co., Nov. T., 1893, No. 249, dismissing exceptions to finding of grand jury. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and MITCHELL, JJ.   Affirmed.

Petition for annexation of a portion of Plymouth township to Plymouth borough.

From the record it appeared that when the grand jury was prepared to investigate the case, counsel for petitioners challenged the right of R. N. Smith, one of the grand jurors, to sit during the investigation.   Mr. Smith was called to the bar and admitted that he lived in the borough, that he was the owner of rented property in the annexed district and was agent for

his father, who also owned property in the same place. He also under oath stated. that he was opposed to the annexation and had said to others he would do all he could against it because it " did not take· in enough territory."

The challenge was sustained, and Mr. Smith was not permitted to sit in the case.

The proceedings were under the act of April 3, 1851, sec. 30, P. L. 327.

The grand jury reported in favor of the proposed annexation.

Exceptions to the report of the grand jury were dismissed in an opinion by LYNCH, J.

*Errors assigned* were in dismissing the exceptions to the report of the grand jury.

*G. L. Halsey*, *B. R. Jones* with him, for appellants.—Smith was improperly excluded as a juror : Com. v. Bradney, 126 Pa. 199 ; In re Pottstown Borough, 117 Pa. 538 ; Scranton v. Gore, 23 W. N. C. 419 ; Rolland v. Com., 82 Pa. 306 ; Gearhart v. Jordan, 11 Pa. 326 ; Kennedy v. Dale, 4 W. & S. 176.

The act of April 3, 1851, P. L. 327, sec. 30, under which these proceedings were had, was repealed so far as it applies to the annexation of territory contiguous to boroughs, by the act of June 11, 1879, P. L. 150 : Com v. Weir, 165 Pa. 284 ; Com. v. Schneipp, 36 W. N. C. 102 ; act of May 17, 1883, P. L. 36.

*D. L. Creveling* and *J. Q. Creveling*, for appellees.—An admittedly partial and personally interested grand juror is not competent to decide a cause which he declares beforehand that by reason of his personal interest he will oppose : McFadden v. Com., 23 Pa. 12 ; Allison v. Com., 99 Pa. 17 ; act of April 16, 1840, P. L. 411 ; People v. Damon, 13 Wend. 351 ; Silsby v. Foote, 14 How. 218.

The proceedings were properly under the act of 1851 : McFate's App., 105 Pa. 323 ; In re Pottstown Borough, 117 Pa. 538 ; Camp Hill Borough, 142 Pa. 511 ; In re Pittston Borough, 3 Kulp, 297 ; Devore's App., 56 Pa. 163 ; Tunkhannock Borough Extension, 3 Pa. C. C. 480.

Implied repeals are not favored, and where both acts can stand together the latter does not abrogate the former : Erie v.

Bootz, 72 Pa. 196; Hand v. Fellows, 148 Pa. 456; Hanover Borough's App., 150 Pa. 202; Potter's Dwarris on Statutes, 156; Brown v. County Commissioners, 21 Pa. 37; Street v. Com., 6 W. & S. 209; McCool v. Smith, 1 Black, U. S. 470.

PER CURIAM, April 29, 1895: ˙

The grand juror named in the first specification was challenged for cause which the court regarded as sufficient to disqualify him from hearing and participating in the decision of this case. There was no error in this. The conclusion reached by the learned judge was fully warranted by the evidence before him. There was no error in holding that the 30th section of the act of 1851, under which this proceeding was had, was not repealed by the acts of 1879 and 1883. They may well stand together. The record discloses no error in dismissing the exceptions and entering the decree complained of.

Decree affirmed and appeal dismissed with costs to be paid by appellant.