## In re Slatington Borough Ordinance

*Roy A. Reabuck* and *Henry Villa*, for appellants.

*William A. Steckel* and *Randall W. Snyder*, for respondents.

HENNINGER, P. J., September 17, 1963.—A majority of the property owners of an area of 134 acres in Washington Township petitioned the Council of the Borough of Slatington for the annexation of their properties to said borough. The borough council, by unanimous action taken April 8, 1963, passed an ordinance of annexation and on April 22, 1963, certified such action to the Court of Quarter Sessions of Lehigh County.

On May 22, 1963, the supervisors of the township appealed from said annexation, averring that the annexation was faulty in these respects:

. 1. No filing of a copy of the petition for annexation with the Supervisors;

2. No certification of the filing with the Supervisors of a copy of such petition;

3. No payment of $150 with the petition;

4. No proper advertisement of the annexation ordinance.

The legislature in the Act of July 20, 1953, P.L. 550, sec. 1, 53 PS §67501, prescribed the procedure for annexation of territory of a second class township to a borough, city or township. The steps for annexation are briefly:

1. A petition to the annexing municipality by a majority of the freeholders in the area sought to be annexed;

2. A copy, unsigned, to be served upon the Supervisors prior to the presentation to the annexing municipality;

3. A certification of such service attached to the petition;

4. A fee of $150 to accompany the petition;

5. Approval or disapproval by ordinance of the annexing municipality;

6. Certification of approval to the court of quarter sessions;

7. Appeal, if any, within 30 days after certification;

8. If appealed and the proceedings appear legal, appointment by the court of a board of three commissioners, who are paid $50 each;

9. A report of the board to the court; and

10. Order of court affirming or disapproving the annexation.

The Act of 1953 is a general act and was not incorporated into The Second Class Township Code of May 1, 1933, P. L. 103, as amended, 53 PS §65101. See footnote 6 to opinion in West Conshohocken Borough Appeal, 405 Pa. 150, 153. Its repealer clause provides:

"All acts and parts of acts are hereby repealed in so far as they are inconsistent with the provisions of this act."

In this case it is conceded that all of the provisions of The Borough Code for annexation of lands from a second class township have been complied with; it is also conceded that the provisions of the Act of 1953 have not been complied with.

The borough takes the position that the appeal is invalid because it was taken too late; not within 30

days after April 8, 1963, the date of passage of the ordinance and because no security was given by appellants.

We note, however, that the time fixed for appeal in The Borough Code of May 4, 1927, P. L. 519, sec. 1010, as amended, 53 PS §46010, is within 30 days from the date when the ordinance takes effect and not 30 days from the date of passage of the ordinance. Ordinarily, the effective date of an ordinance of annexation is the date of filing with the court of quarter sessions, in this case April 22, 1963, in which case an appeal filed May 22, 1963, would have been barely in time. Since, however, the passage of the ordinance and its filing occurred within two months of a primary election held May 21, 1963, the code provides that the ordinance shall not take effect until the day after any election: The Borough Code, section 426, 53 PS §45426. The appeal taken on the same day that the ordinance became effective was surely timely.

Our appellate courts have held that the filing of a recognizance "with sufficient security" is indispensible to a valid appeal from an ordinance: North Braddock Borough's Annexation Case, 126 Pa. Superior Ct. 53, 58; Irwin Borough Annexation Case, 171 Pa. Superior Ct. 256, 259. However, in the absence of a frontal attack upon the complaint based upon the failure to file a bond, the courts have permitted its filing or its amendment nunc pro tunc whenever the matter came to their attention: In re Scottdale Borough Annexation, 91 Pa. Superior Ct. 1, 11; North Braddock Borough's Annexation Case, supra, 59.

Our own decision upon the present state of this case is favorable to appellants, but since it is subject to review, appellants ought to file a recognizance with sufficient security despite our favorable decision.

The nub of our problem lies in the fact that the legislature has provided in one act, the Act of 1953,

supra, how territory may be taken from a second class township, and in another, The Borough Code, supra, how it may be annexed to a borough. The question has been raised whether the repealer clause in the Act of 1953 has not repealed the sections concerning annexation in The Borough Code which was enacted prior to 1953.

The confusion has been caused by separate municipal lobbies, each pressing for its own interests. So there are different provisions: (a) For the taking of property from a second class township (53 PS §67501); (b) for its annexation to a third class city (53 PS §35501); (c) for its annexation to a borough (53 PS §45425); (d) for annexation of parts of a first class township to a borough or city: (The First Class Township Code of July 2, 1937, P. L. 2803, as reenacted, May 9, 1951, P. L. 225, 53 PS §59101); (e) for annexation generally (Act of April 28, 1903, P. L. 332, as amended, 53 PS §171); and (f) as to the effect of any annexation upon school districts (Public School Code of March 10, 1949, P. L. 30, sec. 226, 24 PS §2-226).

Only the First Class Township and the education lobbies have been sufficiently astute to scan acts relating to other municipalities to avoid conflicts which might affect their, not to be confused with the public's, "interest".

In several recent cases, the Supreme Court has noted the problem, but has found it unnecessary to decide whether the Act of 1953, being fortuitously later in time than The Borough Code, repealed its provisions for annexation of lands in second class townships.

In Milford Township Appeal, 389 Pa. 135, the Supreme Court, without touching upon the problem, upheld the lower court in dismissing a motion to strike off a borough ordinance of annexation, the motion having been filed more than a year after the effective date of the ordinance. The case in the lower court entitled Annexation to Borough of New Centerville, 49

Mun. Law Rep. 155, is strongly relied upon by the borough and the landowners in this case, because of its holding that The Borough Code procedures for annexation are not superseded or repealed by the Act of 1953. There may be some significance in the fact that the Supreme Court chose to base its decision upon the point that the attack on the ordinance came too late rather than on the continued force of The Borough Code. The case is of importance, however, in compelling The Borough Code procedures for appeal from an annexation ordinance, although the Act of 1953 was not followed.

In West Conshohocken Borough Appeal, supra, and in Carnegie Borough Annexation Case, 408 Pa. 146, the Supreme Court held the parties to the Act of 1953, because the methods of procedure in that act had obviously been invoked.

In the Carnegie case, the Supreme Court found that the proceedings conformed in all substantial respects to the provisions of the Act of 1953 and affirmed the lower court's decree of annexation. It is noteworthy, however, that the court, page 151, found that the proceedings were actually under the Act of 1953, and that it was unnecessary to consider the question of repeal, and, page 153, that it was proper and necessary for the lower court to appoint commissioners when the appeal from annexation reached that court.

In the West Conshohocken case, supra, the Supreme Court again, page 156, declined to pass upon the question of repeal by implication and stressed that the proceedings were obviously under the Act of 1953, and that those provisions must be complied with. The case is complicated by irregularities under both the Act of 1953 and The Borough Code, by the fact that a timely appeal from an annexation ordinance under either act raises the question of propriety as well as of legality (The Borough Code, 53 PS §46010; Act of 1953,

53 PS §67504 (1) and (6)), and by the fact that the annexation was sought for the purpose of evading restrictive zoning in the township.

If simple adherence to The Borough Code provisions for annexation of lands in second class townships is sufficient, then the Act of 1953 is a vain and futile gesture and those who desire to have their lands annexed to a borough are foolish to proceed under it. Neither act can be invoked without the joinder of a majority of the freeholders involved; neither act compels the borough to accept petitioners' land; both acts require a prompt appeal to the court of quarter sessions if the ordinance is to be attacked. The great distinction between the two acts is that in the Act of 1953, the burden of financing an appeal is upon the persons who seek the annexation, where in our opinion it belongs, instead of upon those who seek to retain the status quo, as provided by The Borough Code.

There is no inconsistency between the two acts. The Act of 1953 simply provides additional steps to be taken if land is to be taken from a second class township and annexed to a neighboring municipality. The confusion exists because it has been felt that the terms of the 1953 act cannot preclude annexation by mere ordinance unless the act repeals the annexation provisions of other acts. All of the provisions of the 1953 act can be held requisite to valid annexation, without repealing the more general provisions of the other code or codes.

In our opinion, the principle of acts in pari materia, Statutory Construction Act of May 28, 1937, P. L. 1019, sec. 62, 46 PS §562, applies:

"Laws or parts of laws are in pari materia when they relate to the same persons or things or to the same class of persons or things.

"Laws in pari materia shall be construed together, if possible, as one law."

Reading the two acts together, boroughs can still annex by the procedures stated in The Borough Code, but only if the additional provisions of the 1953 act are incorporated into the procedure and complied with.

One could also invoke section 63 of the Statutory Construction Act, 46 PS §563. While the Act of 1953 is a general law, it is specific in its provisions. Section 63 of the Statutory Construction Act reads:

"Whenever a general provision in a law shall be in conflict with a special provision in the same or another law, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions be irreconcilable, the special provisions shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest intention of the Legislature that such general provision shall prevail."

Since the acts are not inconsistent, the specific provisions of the Act of 1953 can be construed with The Borough Code.

In coming to this conclusion, which to us seems inevitable if the Act of 1953 is not to be completely ignored, we are not casting doubt upon any prior annexations in which the terms of the 1953 act have not been followed. Our appellate courts have held that borough ordinances must be attacked as to their validity within the period fixed by The Borough Code: Milford Township Appeal, supra; Carnegie Borough Annexation Case, supra, 151. This ruling leaves second class township and dissident landowners in the territory to be annexed subject to surprise annexation ordinances, with the only safeguard the necessity of advertising ordinances, (section 1006 of The Borough Code, supra, 53 PS §46006), but if there is any element of concealment or chicanery, our courts would not be powerless. See West Conshohocken Appeal, supra.

Now, September 17, 1963, the appeal of the Supervisors of Washington Township is sustained upon the filing within 20 days nunc pro tunc as of May 22, 1963, a recognizance with sufficient surety in the sum of $300; the Annexation Ordinance of the Borough of Slatington of April 8, 1963, is declared invalid and the proceedings for annexation dismissed, without prejudice to the rights of the interested freeholders to proceed under the Act of July 20, 1953, P. L. 550, and The Borough Code, for the annexation of properties in the area to the Borough of Slatington.