## Jenner Township Annexation Case.

Argued October 5, 1966.   Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS,
JJ.

*Robert W. Critchfield* and *Archibald M. Matthews,* for Jenner Township, appellant.

*Charles H. Coffroth,* with him *Joseph N. Cascio, Robert I. Boose,* and *Fike, Cascio and Boose,* for appellees.

*Robert E. Woodside, R. J. Woodside,* and *Woodside & Woodside,* for Township Association, under Rule 65.

OPINION BY MR. JUSTICE COHEN, January 4, 1967:

On October 8, 1963, the Borough of Jennerstown, Somerset County, adopted an ordinance annexing a portion of Jenner Township, Somerset County, adjacent to the borough. The ordinance was preceded by a petition to the borough purportedly signed by a majority of the freeholders of the tract to be annexed and requesting the annexation. On October 16, 1963, a certified copy of the ordinance was filed with the Court of Quarter Sessions of Somerset County and the county board of elections of that county. This filing stated that it was made pursuant to the provisions of The Borough Code, Act of May 4, 1927, P. L. 519, §426, 53 P.S. §45426.

Subsequently, on October 30, 1963, certain individual taxpayers of Jenner Township and the supervisors of that township lodged an appeal with the court of quarter sessions complaining as to the legality of the annexation ordinance. The appellants raised several issues: (1) whether the petition to the borough was signed by a majority of the freeholders of the annexed territory, (2) whether the annexation was in the best interests of the township and the borough and (3)

whether the ordinance was wholly void since the procedure did not follow the requirements of the Act of July 20, 1953, P. L. 550, 53 P.S. §§67501-67508.

The borough answered, stating that the petition was properly signed by a majority of the freeholders, that the public interest was served by the annexation and that the provisions of the Act of 1953 were inapplicable.

The lower court then heard extensive testimony and on May 21, 1964, ruled that (1) the provisions of The Borough Code regarding annexation and those of the Act of 1953 are in pari materia and may stand together, (2) the required number of signatures was affixed to the petition and (3) the propriety of the annexation should be determined, preliminarily, by referring the matter to three commissioners as required by the Act of 1953. This was done, and the commissioners submitted a report of a rather inconclusive nature.

The court below then ordered additional testimony on the issue of the propriety of the annexation. This was done in March and April, 1965. Thereafter, the court issued a final opinion in which it reaffirmed its two prior rulings and, further, found that the annexation was a proper and justified one.

The complainants then appealed to the Superior Court which ruled that the Act of 1953 did not impliedly repeal the annexation provisions of The Borough Code and that, in reviewing the record, it found ample evidence to support the lower court's determination with regard to the number of signers and the propriety of the annexation. *Jenner Township Annexation Case,* 208 Pa. Superior Ct. 62, 220 A. 2d 385 (1966). Complainants then petitioned us to allow an appeal, and we granted the petition.

The vexing issue of whether the Act of 1953 impliedly repealed the annexation provisions of various other

acts, including those of The Borough Code, has lingered undetermined by us for a number of years. We referred specifically to the history of this controversy and to our previous refusals to decide it in *Palmer Township Annexation Case,* 416 Pa. 163, 204 A. 2d 760 (1964), a proceeding in which we also reviewed the various existing (and confusing) statutory provisions governing annexation of territory in a second class township to a borough, city or another township. In the present case, although certain after-the-fact actions were taken to provide a semblance of adherence to the Act of 1953, it is clear that the initial, crucial steps followed only the provisions of The Borough Code, supra, §§425, 426, 53 P.S. §§45425, 45426. Therefore, the issue of implied repeal of those provisions is squarely presented and must be decided.

We agree with the Superior Court and with its analysis of the historical basis for allowing the simultaneous existence of separate and valid annexation procedures contained in different statutes. In this context *Plymouth Borough-Plymouth Township's Appeal,* 167 Pa. 612, 31 Atl. 933 (1895), and *Snyder's Appeal,* 302 Pa. 259, 153 Atl. 436 (1931), seem decisive, and we see no reason to repeat what the Superior Court said on this point. Consequently, it is our decision that the Act of 1953 did not impliedly repeal the provisions of The Borough Code on annexation and that either statute may be followed in effectuating an annexation.

This determination, as well as the history behind it, also disposes of the contention of amicus curiae that the separate acts are in pari materia and, therefore, both must be followed. Each represents a separate and distinct procedure for annexing territory, and there is no basis for commingling their provisions. For this reason we also disapprove of the lower court's attempt to incorporate the procedure of the Act of 1953 as such into this proceeding. There was no requirement that

commissioners be appointed; and, as it turned out, their consideration was of little value.

Finally, we come to the nature of the appeal. Here, too, the Superior Court correctly decided the issue. The appeal is taken under §1010 of The Borough Code, 53 P.S. §46010, which makes the order of the court below "conclusive." Therefore, appellate review is on narrow certiorari. This means that review may deal only with the question of jurisdiction, the regularity of the proceedings, excess in the exercise of power, if any, and constitutional questions. *Kaufman Construction Co. v. Holcomb,* 357 Pa. 514, 55 A. 2d 534 (1947); *Keystone Raceway Corporation v. State Harness Racing Commission,* 405 Pa. 1, 173 A. 2d 97 (1961). In applying this rule, however, the Superior Court erred by reviewing the record to determine if there was evidence to support the findings of the court below. Such a review is proper only where the appeal arises on broad certiorari (as it does, for example, under the Act of 1953). Nevertheless, it found no basis for not sustaining the lower court and, confining our review to the issues of jurisdiction and regularity, neither do we.

We are not unaware of the problems presented by current annexation procedures. They are confusing; they overlap; and they reflect little or no attention to the overriding public interest of the Commonwealth as a whole. However, these defects are a matter solely for legislative correction; and while we may sorely wish that order would come out of this chaos, we cannot decree it.

The order of the Superior Court affirming the order of the Court of Quarter Sessions of Somerset County is affirmed.

---

DISSENTING OPINION BY MR. JUSTICE JONES:

The court below, the Superior Court and the majority of this Court adopt the view that the 1953 stat-

ute,[1] providing procedures for the annexation to a borough of all or part of the territory of a second class township, did not repeal those portions of The Borough Code[2] which provide procedures for similar annexations.

The Superior Court and the majority of this Court[3] further adopt the view that the 1953 statute and the pertinent provisions of The Borough Code are not in pari materia and are not to be construed as *one* law; under that view, those seeking annexation may proceed under *either statute to the exclusion of the other*. Moreover, if such view is correct, the suitors for annexation at the outset can determine the scope of review to be exercised on the appellate level,[4] a result which, in my opinion, was not within the legislative intendment and is unwise and unjust in view of the very serious consequences to the residents, both of the annexing and to-be-annexed territories, which flow from an annexation decree.

The Statutory Construction Act[5] provides that laws are in pari materia when they relate to the same persons or things or to the same class of persons or things. The Borough Code of 1927, supra, has as its *stated* purpose the "Revising, amending and consolidating the law relating to boroughs" and the Act of 1947, supra, has as its *stated* purpose the reenactment, amendment and revision of The Borough Code of 1927. Both statutes provide procedures for the annexation to a borough of adjacent territory within or without the county

[1] Act of July 20, 1953, P. L. 550, 53 P.S. §67501 et seq.

[2] Act of May 4, 1927, P. L. 519, §§410-420, as amended, Act of July 10, 1947, P. L. 1621, §5, 53 P.S. §§45410-426.

[3] The lower court did not adopt this view.

[4] Under The Borough Code the scope of review is that of *narrow* certiorari, while under the 1953 statute the scope of review is that of *broad* certiorari. See infra.

[5] Act of May 28, 1937, P. L. 1019, §62, 46 P.S. §562.

wherein the borough is situated. The 1953 statute, supra, has as its *stated* purpose "Providing for and regulating the annexation of parts of a second class township to boroughs, cities and townships" and Article IV *specifically* provides the procedure for the annexation of second class townships or lands in such townships to a borough.

A reading of both statutes leads me to the inevitable conclusion that both statutes provide procedures for the same class of annexations. That such statutes are in pari materia is clear beyond question. In fact, this Court most recently stated in *Chartiers Township Appeal*, 414 Pa. 176, 179, 199 A. 2d 443 (1964) : "The procedure for the annexation of territory in a second class township . . . to a borough . . . is set forth in [the 1953 statute]."

Setting aside for the moment the legislative mandate that "Laws in pari materia shall be construed together, if possible, as one law", it appears to me we have three alternatives: (a) to construe the 1953 statute as repealing The Borough Code annexation provisions; (b) to enable annexation of second class townships, in part or as a whole, to a borough to be effected under either the 1953 statute or The Borough Code; (c) to construe both statutes as *one* law.

The majority opinion takes the position the 1953 statute did not repeal the pertinent provisions of The Borough Code and with that view I am inclined to agree. Certainly, there is no express repeal set forth in the 1953 statute and any finding of repeal must be based upon repeal by implication. I do not find any such implication of repeal particularly when, in ascertaining the legislative intent, we find that in 1966 the legislature reenacted, *without any significant change,* the pertinent provisions of The Borough Code of 1927, as amended (Act of February 1, 1966, P. L. (1965) 1656, 53 P.S. §§45426, 45427) and the 1966 statute did

not repeal the 1953 statute. Although I am extremely doubtful of the wisdom of such legislative manoeuvers, the fact is that the statute books now contain two separate statutes, passed at different sessions of the Legislature, each dealing with the same subject matter, i.e., the manner in which to annex to a borough a second class township or a portion thereof, which are in full force and effect.

The second alternative,—which is that adopted by the majority opinion,—is to permit annexation under either statute to the exclusion of the other. I fully agree with the statement in the brief of the amicus curiae: "The General Assembly is presumed to intend that *some* meaning be given to its acts. As both [the 1953 statute and The Borough Code] involve procedures where the petitioners and the borough are both seeking annexation, the legislature must have intended more by the Act of 1953 than to give those seeking annexation the choice of a more difficult way to bring it about. The legislature cannot be assumed to be so naive or stupid as to intend by the Act of 1953 to say nothing more to those seeking annexation than: 'You have an easy way of getting what you want. We now give you an opportunity of choosing a way more difficult for you'. To state the proposition should be sufficient to reject it. The legislature is presumed not to intend a result which is absurd or unreasonable. . .". (Emphasis supplied).

Moreover, by adopting the second alternative, those seeking annexation, by the choice of the statute under which to proceed, can effectively control the scope of appellate review. The majority opinion states that, if The Borough Code is followed, appellate review is on narrow certiorari and limited simply to a determination whether the court below had jurisdiction, whether the proceedings were regular, whether there was an excession of power exercised and whether any constitu-

tional right was offended. The majority opinion acknowledges that, if the 1953 statute is followed, then review is upon broad certiorari wherein the appellate court may inquire into the merits of the controversy. See also: *Chartiers Township Appeal,* supra, at page 180; *West Mead Township Appeal,* 411 Pa. 94, 191 A. 2d 273; *West Conshohocken Borough Appeal,* 405 Pa. 150, 160, 173 A. 2d 461. Thus, suitors for annexation can effectively prevent an appellate court from inquiring into the merits of an annexation, a result which I deem clearly not within the legislative intendment. With the increasing activity in the field of annexation, prompted in many instances by developers of housing installations seeking more favorable treatment for their ventures, the appellate courts should have the right to inquire into the merits of proposed annexation for the protection of the rights of the residents, both in the annexing and to-be-annexed territories. Annexation can, and most often does, entail increased burdens by way of taxation and increased governmental services on the annexing and to-be-annexed territories. That appellate review can be so restricted and limited simply at the election of those seeking annexation is to me unthinkable and contrary to the intendment of the legislature.

The third, and in my view the only reasonable, alternative is to construe both statutes as *one law.* My reading of both statutes reveals no conflict in their respective provisions.[6] Both statutes can be followed and the procedures dovetailed without difficulty. In *Slatington Borough Ordinance,* 32 Pa. D. & C. 2d 539, 545,

---

[6] It may be argued that as to the effective date of annexation the statutes conflict. However, on analysis, such conflict is more apparent than real. If the phrase "thereupon becomes effective" in §426 of The Borough Code is equated with the date of the approval of the annexation by the court the possibility of any conflict disappears.

546, the court well stated: "If simple adherence to The Borough Code provisions for annexation of lands in second class townships is sufficient, then the Act of 1953 is a vain and futile gesture and those who desire to have their lands annexed to a borough are foolish to proceed under it. Neither act can be invoked without the joinder of a majority of the freeholders involved; neither act compels the borough to accept petitioners' land; both acts require a prompt appeal to the court of quarter sessions if the ordinance is to be attacked. The great distinction between the two acts is that in the Act of 1953, the burden of financing an appeal is upon the persons who seek the annexation, where in our opinion it belongs, instead of upon those who seek to retain the status quo, as provided by The Borough Code.

"There is no inconsistency between the two acts. The Act of 1953 simply provides additional steps to be taken if land is to be taken from a second class township and annexed to a neighboring municipality. The confusion exists because it has been felt that the terms of the 1953 act cannot preclude annexation by mere ordinance unless the act repeals the annexation provisions of other acts. All of the provisions of the 1953 act can be held requisite to valid annexation, without repealing the more general provisions of the other code or codes.

"Reading the two acts together, boroughs can still annex by the procedures stated in The Borough Code, but only if the additional provisions of the 1953 act are incorporated into the procedure and complied with."

The result reached by the majority opinion emasculates and effects, for all practical purposes, a repeal of the 1953 statute, which the legislative body has not seen fit to do. It may well be that there should be *one* statute dealing with the procedure of annexation. However, since the legislature has seen fit to enact two stat-

utes dealing with the same subject and since *it is possible* to construe them as *one* law, I would follow the legislative mandate and construe these statutes, which are in pari materia, as one law.

I would reverse the order of the Superior Court.[7]

Mr. Justice MUSMANNO and Mr. Justice ROBERTS join in this dissenting opinion.

[7] It should be noted that the majority opinion relies on *Plymouth Township's Appeal*, 167 Pa. 612, 31 A. 933 and *Snyder's Appeal*, 302 Pa. 259, 153 A. 436, as decisive of the issue on this appeal. Neither *Plymouth* nor *Snyder* is apposite: both decisions antedated the statutory construction act and considered statutes dissimilar in provisions.