## Marietta Borough *v.* East Donegal Township.

Argued November 3, 1971, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER and ROGERS.

*George T. Brubaker,* with him *Theodore L. Brubaker* and *Brubaker and Brubaker,* for appellant.

*B. M. Zimmerman,* with him *Zimmerman & Going,* for appellee.

OPINION BY JUDGE ROGERS, December 16, 1971:

This is still another annexation case upon which much time, talent and treasure has and will be expended because the Legislature has over the years at the urging of municipalities, enacted inconsistent statutes on the subject and has as yet been unable to enact the uniform legislation mandated by Article 9, Section 8 of the Constitution of this Commonwealth, adopted by the electorate on April 23, 1968. These cases are always difficult and this one especially so because the issue here presented is before an appellate court for the first time.

The Borough of Marietta, Lancaster County, acting pursuant to Section 426 of The Borough Code, Act of February 1, 1966, (1965)   , No. 581, 53 P.S. §45426, annexed 111.1 acres of land in East Donegal Township. The Township acting pursuant to Section 1010 of The Borough Code, 53 P.S. §46010, filed complaint as to the legality of the annexation ordinance. After litigation, the annexation was approved. *Marietta Borough Annexation Case,* 61 Lanc. 303, *aff'd,* 213 Pa. Superior Ct. 76, 245 A. 2d 706 (1968). The municipalities being unable to agree upon the financial settlement occasioned by the annexation, the Township, to the same

term and number as the annexation proceedings, made application to the Court of Common Pleas of Lancaster County that the Court determine the amount due. The Township claimed the sum of $29,102.90 which it had expended in the installation of storm sewers and fireplugs in the annexed area. This the Township said was due under the provisions of Section 308(a) of The Second Class Township Code, Act of May 1, 1933, P. L. 103, 53 P.S. §65308(a). The Borough filed a motion to strike the Township's application on the ground that relief was not available to the Township under The Second Class Township Code. The Borough urged that the settlement should be made pursuant to The Borough Code under which the annexation proceedings had been initiated and pursued. The court below dismissed the motion to strike. The Borough has petitioned this court for allowance of appeal from an interlocutory order which we, in the interests of advancing the ultimate determination of this matter, have allowed.

In fine, the question is whether, in annexation proceedings commenced and pursued under The Borough Code, the financial settlement for and on account of the annexation should be determined in whole or part pursuant to provisions other than those contained in The Borough Code. The issue is here acute because the Supervisors of East Donegal Township, by action laudable in private affairs but often unwise and sometimes unfair in municipal undertakings, expended substantial sums for storm sewers and fireplugs out of current tax revenues instead of borrowing. The Township would avoid exclusive application of Sections 441 and 442 of The Borough Code, 53 P.S. §§45441, 45442, which are as follows:

§441—"Whenever a part of any township is annexed to any borough, the borough council and the governing body of the township shall make a just and proper adjustment of all the public property, both real

and personal, owned by the township at the time of such annexation, including funds, as well as indebtedness, between the township and the borough.

"In adjusting property and indebtedness, streets, sewer and utilities shall not be considered except to the extent that current and unpaid indebtedness was incurred for the construction and improvement thereof. In making such adjustment and apportionment, the township shall be entitled to a division of the property and indebtedness in proportion that the assessed valuation of the taxable real estate in the annexed portion of the township bears to the assessed valuation of the taxable real estate in the entire township immediately prior to the annexation and the borough shall be entitled to the remainder of such property and indebtedness. Where indebtedness was incurred by the township for an improvement located wholly within the limits of the territory annexed to the borough, such indebtedness shall be assumed by the borough and where any part of such improvement is located wholly within the limits of such annexed territory, the part of such indebtedness representing the part of the improvement located within such annexed territory shall be assumed by the borough, and the adjustment and apportionment of any remaining debt and public property of the township shall be made as hereinabove provided. Such adjustment and apportionment shall be reduced to writing, and shall be duly executed and acknowledged by the clerk or secretary of the borough and shall be filed with the clerk of the court of quarter sessions of the county or counties in which the borough and the township are located, and a copy thereof shall also be filed with the Department of Internal Affairs of the Commonwealth."

§442—"In case the borough council and the governing body of the township cannot, within six months after an annexation becomes effective, arrive at a determination of the cost of [on] value of certain im-

provements as required by the Act of July 20, 1953 (P. L. 550), entitled 'An act providing for and regulating the annexation of parts of a second class township to boroughs, cities and townships,' or of the adjustment of indebtedness and public property as required by Section 441 of this act, the borough council or the governing body of the township may appeal to the court of quarter sessions of the county in which the borough is located. The court shall then appoint three disinterested commissioners, all residents and taxpayers of the county, but none residing in or owners of real estate in the township or the borough. Such commissioners, after hearing, notice of which shall be given to the township and the borough as the court shall direct, shall make report to the court, stating the cost and value of improvements and/or making an apportionment and adjustment according to the provisions of this article, of all the property, as well as the indebtedness, of any, to and between the borough and the township. Such report shall state the amount, of any, that shall be due and payable from the borough, or from the township to the borough, as well as the amount of indebtedness, if any, that shall be assumed by the borough or the township, or both of them." Having no unpaid indebtedness for streets, sewer and utilities, the Township would by the application of the foregoing receive nothing for its storm sewers and fireplugs.

Section 308 of The Second Class Township Code, 53 P.S. §65308, unpalatable to the Borough, is as follows:

"(a) Except as hereinafter provided, whenever the boundaries of any townships have been altered and a portion thereof has been annexed by a borough or city, the township shall be paid by such borough or city the following costs or value of improvements located within the portion of the township so annexed: (1) the value of all roads improved by the township within five

years; (2) the cost of sewer systems constructed by the township within fifteen years; (3) the value of public buildings and improvements other than roads and sewers. The provisions of this section shall not apply to the cost of any road, sewer or facilities which has been assessed against the real property within the annexed territory.

"(b) The township shall not be reimbursed for any improvements, the cost of which has been assessed against abutting property owners.

"(c) If any present indebtedness of the township exists by reason of any improvements located in annexed area, and a city of the third class assumes a portion of said indebtedness as provided in section 540 of the act, known as 'The Third Class City Code', as reenacted and amended by the act, approved the twenty-eighth day of June, one thousand nine hundred fifty-one (Pamphlet Laws 662), or a borough assumes a portion of said indebtedness as provided in section 702 of the act, known as 'The Borough Code', as reenacted and amended by the act, approved the tenth day of July, one thousand nine hundred forty-seven (Pamphlet Laws 1621), such payment on account of indebtedness shall be considered to be a credit to such city of the third class or borough on account of the cost of said improvement.

"(d) Whenever an amicable settlement cannot be made on the amount to be paid as provided in subsection (a) of this section, the court of quarter sessions, upon application of the governing body of the city, borough or township, shall determine the amount to be paid." Under this provision the Borough would have to pay the cost of the storm sewers and the value of the fireplugs installed by East Donegal Township, although there is no unpaid indebtedness therefor.

The court below dismissed the motion to strike because it concluded that the quoted provisions of The

Borough Code and The Second Class Township Code are in pari materia and capable of being construed together. The court was moved to this conclusion because it believed that the equities favored the Township.

In *Jenner Township Annexation Case,* 423 Pa. 609, 225 A. 2d 247 (1967), in which one issue[1] was whether the provisions of both The Borough Code and the Act of July 20, 1953, P. L. 550, 53 P.S. §§67501-67508, must be followed in annexations, the Supreme Court, by Mr. Justice COHEN, after deciding that the latter Act did not impliedly repeal provisions covering the same subject matter in the then Borough Code, Act of May 4, 1927, P. L. 519, said: "This determination, as well as history behind it, also disposes of the contention of amicus curiae that the separate acts are in pari materia and, therefore, both must be followed. Each represents a separate and distinct procedure for annexing, and there is no basis for commingling their provisions. For this reason we also disapprove of the lower court's attempt to incorporate the procedure of the Act of 1953 as such with this proceeding." (423 Pa. at 613; 225 A. 2d at 249.) That which was thus disapproved by the Supreme Court is what the lower court here would do with respect to the quoted sections of the two Codes. We have carefully examined Mr. Justice BENJAMIN R. JONES' dissent in *Jenner* in which he was joined by two other Justices. The minority would have construed the statutes there involved as one law because it found no vital conflict in their provisions. *Jenner* dealt with procedure for annexation, and the minority said "Both statutes can be followed and the procedures dovetailed without difficulty." 423 Pa. at 618; 225 A. 2d at 251. Sections 441 of The Borough Code and 308 of The Second Class Township Code are anything but procedural

---

[1] Significantly the affirmative of this issue was urged by the Township Association of Pennsylvania as amicus curaie.

and, in our view, impossible to reconcile. By The Borough Code, the annexing Borough is not required to pay the Township for streets, sewers and utilities on which there is no debt, wherever located in the township. By The Second Class Township Code, the Borough must pay the Township an amount representing the value of the roads and public improvements and the cost of sewers within the annexed territory with a credit for any unpaid indebtedness thereon assumed by the Borough. The irreconcilability of these provisions emphasizes the wisdom of *Jenner* court's holding that the "initial, crucial steps" having following The Borough Code, its provisions must be followed to the exclusion of provisions of other statutes. 423 Pa. at 613, 225 A. 2d at 249.

The Township has directed our attention to *Mt. Joy Borough Annexation Case,* 41 D. & C. 2d 510 (1966), in which the court awarded the township the value of roads and buildings and the cost of sewers, as provided by The Second Class Township Code, *less* the amount the Borough would have had to pay the Township under the provisions of The Borough Code. Since this case antedated *Jenner, supra,* and the question here posed seemed not to have been there raised, it is not persuasive authority.

Our holding that, following *Jenner,* the settlement between these municipalities must be made solely by reference to The Borough Code, is, we believe, supported by a close examination of the legislation. The Legislature has so persisted in its ambivalence on the subject that no conclusion other than that it intends the continued existence of the mutually repugnant provisions is possible. The appellant Borough contends reasonably enough that Section 441 of The Borough Code, enacted in 1966, impliedly repealed the inconsistent provision of Section 308 of The Second Class Township Code, enacted in 1947. The holding of

*Jenner*, that the Act of July 20, 1953, P. L. 550, did not impliedly repeal provisions of The Borough Code of 1927 does not defeat this argument because the provisions of the two laws involved in *Jenner* were not irreconcilable. Here, as we have pointed out, the requirement of Section 308 of The Second Class Township Code that certain items must be paid for in all events is wholly irreconcilable with the provision of Section 441 of The Borough Code that the same items are not to be considered in the settlement. Further, Section 308 of The Second Class Township Code, enacted in 1933, was added by the Act of August 21, 1953, P. L. 1333. At that time Section 702 of The Borough Code, enacted in 1947, did not contain the sentence: "In adjusting property and indebtedness, streets, sewers and utilities shall not be considered except to the extent that current and unpaid indebtedness was incurred for the construction and improvement thereof." That sentence was added when Section 702 was reenacted as Section 441 of The Borough Code revised in 1966. The application of Section 566 of The Statutory Construction Act, Act of May 28, 1937, P. L. 1019, 46 P.S. Section 566, requiring prevailance of later enacted irreconcilable laws would lead us at this point to conclude that Section 308 was thereby repealed.[2]

However, Section 308(a) of The Second Class Township Code was amended by the Act of October 19, 1967, P. L. 455 by the addition of the sentence. "All *such* costs or values shall be paid within one year after the final Act of annexation." (Emphasis supplied.) Plainly the Legislature demonstrated thereby its desire that Section 308(a) should continue to have virtue. The

---

[2] The reference in Section 442 of The Borough Code to the Act of July 20, 1953, P. L. 550, 53 P.S. §67501 would not change this result because the latter Act is not a part of The Second Class Township Code and because it contains no substantive provisions for adjustment between the municipalities.

concept of repealer by implication being thus inapplicable, both Section 441 of The Borough Code and Section 308 of The Second Class Township Code stand. Since they are positively repugnant, the only avenue of escape is the astute rule of *Jenner* that the route down which the proceedings were initially directed be followed to its end.

We hold, therefore, that the settlement here must be made by exclusive reference to and application of Sections 441 and 442 of The Borough Code, *supra.*

The order of the court below is reversed; the petition of the Township of East Donegal is stricken; and the record is remanded to the court below for further proceedings not inconsistent with this opinion.