Marietta Borough *v*. East Donegal Township,
Appellant.

Argued April 24, 1972. Before JONES, C. J., EAGEN,
O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*B. M. Zimmerman,* with him *Zimmerman & Going,* for appellant.

*George T. Brubaker,* with him *Theodore L. Brubaker,* and *Brubaker and Brubaker,* for appellee.

OPINION BY MR. CHIEF JUSTICE JONES, November 17, 1972:

This appeal requires the resolution of yet another inconsistency in the statutory provisions governing the annexation of land from a Second Class Township by a Borough.[1]

In 1967 the Borough of Marietta annexed 111.1 acres of land from East Donegal Township under the procedures provided in the Borough Code.[2] Although the Township contested the merits of the annexation, it was affirmed on appeal by the Superior Court. *East Donegal Township Annexation Case,* 213 Pa. Superior Ct. 76, 245 A. 2d 706 (1968). This appeal is the result of a post-annexation controversy between the Borough and the Township over the Township's right to reimbursement for the cost of municipal improvements

---

[1] The frequency with which issues of this type have come before this Court underscores the wisdom displayed by the Constitutional Convention of 1968 which directed the General Assembly to "enact uniform legislation establishing the procedure for consolidation, merger or change of the boundaries of municipalities" within two years. Article IX, §8 of the Pennsylvania Constitution, adopted April 23, 1968. Although over four years have passed, unfortunately no uniform legislation has been enacted. As in prior cases, the controversy in this appeal arises from the continued existence of overlapping and contradictory statutory schemes governing the annexation of territory by a Borough from a neighboring Second Class Township. *Millersville Annexation Case,* 447 Pa. 310, 290 A. 2d 102 (1972); *Jenner Twp. Annexation Case,* 423 Pa. 609, 225 A. 2d 247 (1967); *Lower Macungie Twp. Annexation Case,* 213 Pa. Superior Ct. 313, 248 A. 2d 58 (1968). *See, also, Palmer Twp. Annexation Case,* 416 Pa. 163, 204 A. 2d 760 (1964).

[2] Act of February 1, 1966, P. L. (1965) 1656, §426, 53 P.S. §45426.

which were installed on the land at Township expense prior to the annexation.

After the annexation was upheld by the Superior Court, the Township and Borough were unable to agree on a post-annexation financial adjustment. Subsequently, the Township filed an application in the Court of Quarter Sessions of Lancaster County for reimbursement in the amount of $29,102.90 to recover the cost of storm sewers and fireplugs installed at Township expense on the annexed territory between 1962 and 1966. These improvements were paid for out of general Township revenue as they were installed and at the time of the annexation, there was no outstanding indebtedness attributable to them. The Township based its claim on Section 308(a) of the Second Class Township Code which provides that whenever a portion of a Township has been annexed by a Borough, the Borough is liable to the Township for "the cost of sewer systems constructed by the township within fifteen years."[3]

The Borough filed preliminary objections contending that, since the annexation had followed the procedure of the Borough Code, the post-annexation financial adjustment should also be governed exclusively by the provisions of the Borough Code. In maintaining that it owed nothing to the Township as a result of the annexation the Borough relied specifically on the language of Section 441 of the Borough Code: "In adjusting property and indebtedness [after an annexation] streets, *sewers and utilities shall not be considered* except to the extent that current and unpaid indebtedness was incurred for the construction and improvement thereof."[4]

---

[3] Act of May 1, 1933, P. L. 103, §308, added August 21, 1953, P. L. 1333, *as amended*, 53 P.S. §65308 (Supp. 1972).

[4] Act of February 1, 1966, P. L. 1656 (1965), §441, 53 P.S. §45441 (emphasis added).

The trial court dismissed the Borough's preliminary objections but certified that an important question of law was presented justifying immediate review. The Commonwealth Court reversed the trial court, granting the Borough's preliminary objections to the Township's application for reimbursement. *Marietta Borough v. East Donegal Township*, 3 Pa. Commonwealth Ct. 596, 284 A. 2d 820 (1971). We granted allocatur.

Although the provisions of the Borough Code and the Second Class Township Code governing annexation are contradictory in certain specifics, they unquestionably relate to the same transaction: annexation of land from a second class township by a borough. Therefore, under the provisions of the Statutory Construction Act they should be "construed together, if possible, as one law."[5] This Court determined in *Jenner Twp. Annexation Case*, 423 Pa. 609, 613, 225 A. 2d 247, 249 (1967) (JONES, J., dissenting, joined by MUSMANNO and ROBERTS, JJ.), that the annexation provisions of the Borough and Second Class Township Codes should not be construed together in procedural matters since "each [act] represents a separate and distinct procedure for annexing territory, and there is no basis for commingling their provisions." Thus, the majority in *Jenner* sustained an annexation which had followed the procedure outlined in the Borough Code without reference to the procedural steps contained in the Second Class Township Code.

Our decision in *Jenner* was relied on by the Commonwealth Court in the instant case as its basis for holding that *after the annexation was completed,* the settlement between the municipalities should be accomplished solely by reference to the Borough Code since the procedure had been instituted under that Act. However, since the present case does not involve the *pro-*

---

[5] Act of May 28, 1937, P. L. 1019, §62, 46 P.S. §562.

*cedure* to be followed in an annexation proceeding, the rule of *Jenner* is clearly distinguishable and not controlling.

The issue presented in this case is substantive— whether after the annexation is complete the Borough is required to compensate the Township for the value of municipal improvements on the newly acquired territory, regardless of whether the cost of the improvements was paid out of general revenue or by incurring long-term debt.

In the recently decided *Millersville Annexation Case,* 447 Pa. 310, 290 A. 2d 102 (1972), we determined that on *substantive* issues the two statutes are in pari materia and should be construed as one law whenever possible.[6] In *Millersville,* where the sufficiency of an annexation petition filed in accordance with the provisions of the Borough Code was at issue, we held that the definition of "freeholder" contained in the annexation provisions of the Second Class Township Code should be read into the Borough Code to determine that land held in tenancy by the entireties constituted a single freehold. Admittedly there is more conflict between the provisions of the two Codes regarding reimbursement for municipal services than there was over the definition of freeholder. Moreover, whereas the Bor-

---

[6] Throughout the controversy concerning the interpretation of these statutes it has been the consistent view of the writer of this opinion that all statutes governing the annexation of land from a second class township by a borough are in pari materia and should be construed together in all matters, regardless of whether the determination is a matter of substance or procedure. *Jenner Twp. Annexation Case,* 423 Pa. 609, 614, 225 A. 2d 247, 249 (1967) (dissenting opinion, JONES, J.) ; *Millersville Annexation Case,* 447 Pa. 310, 319, 290 A. 2d 102, 107 (1972) (concurring opinion, JONES, C. J.). However, since the issue in this case clearly involves a matter of substance, it is not necessary to go beyond reaffirmance of the rule announced in the *Millersville Annexation Case* that the statutes be construed together as one when dealing with substantive issues.

ough Code is silent as to the definition of freeholder, Section 441 of the Code does contain a specific provision for the adjustment of indebtedness after the annexation has been finalized.

Nevertheless, it is clear that Section 308 of the Second Class Township Code also sets standards for the post-annexation financial adjustment. In accord with the mandate of the Statutory Construction Act, both sections must be given effect if possible. In the instant case, the provisions of the two statutes can be dovetailed by requiring that the financial adjustment after the annexation of improved township land by a borough consider both the funded indebtedness attributable to the improvements; as required by Section 441 of the Borough Code, and the cost of certain recently installed improvements on which there is no existing debt, as required by Section 308 of the Second Class Township Code.

The order of the Commonwealth Court is reversed and the order of the trial court dismissing the Borough's preliminary objections is reinstated. The case is remanded to the Court of Common Pleas, Criminal Division, of Lancaster County for further proceedings consistent herewith.

Mr. Justice EAGEN and Mr. Justice O'BRIEN dissent.